[No. B163585. Second Dist., Div. Seven. Oct. 15, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
OTHA L. TARDY, Defendant and Appellant.

## Counsel

Sally P. Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERLUSS, P. J.**—Otha L. Tardy appeals the judgment entered after a jury convicted him of petty theft and the court found true that he had suffered a prior theft conviction within the meaning of Penal Code section 666.[1] Tardy claims imposition of a felony sentence under section 666 violates due process because, although the accusatory pleading charged him with robbery and alleged prior qualifying convictions, it did not specifically charge him with the separate crime of petty theft with a prior conviction. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

An amended information charged Tardy with robbery (§ 211) and, in addition, alleged that he had served eight prior separate felony prison terms within the meaning of section 667.5, subdivision (b), (including several for petty theft with a prior conviction) and had suffered one prior serious or violent felony conviction (robbery) within the meaning of the "Three Strikes" law (§ 1170.12, subds. (a)–(d); § 667, subds. (b)–(i)) and a serious felony conviction under section 667, subdivision (a).

According to the evidence presented at trial, Tardy stole sheets and perfume from a department store in Los Angeles. When a security guard attempted to stop him, Tardy waved a small paté knife at the guard and then threatened to kill a second security guard who attempted to apprehend Tardy in the store parking lot. Tardy, who was 50 years old at the time of this incident, testified he had shoplifted the items to support his drug habit and denied waving a knife or threatening to kill the guards.

At the close of the evidence, over defense counsel's objection, the People successfully moved for an instruction on the lesser included offense of petty theft (§ 487). The jury found Tardy not guilty of robbery, but convicted him

---

[1] Penal Code section 666 provides: "Every person who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 [receiving stolen property] and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." All statutory references are to the Penal Code.

of petty theft. In a bifurcated proceeding on the prior convictions, the People informed the court it would request a felony sentence under section 666 because Tardy had previously been convicted of a qualifying theft offense. After this disclosure, Tardy waived his right to a jury trial on the prior conviction allegations and admitted each of them. The trial court found true the allegation that Tardy had suffered a prior violent or serious felony conviction for purposes of the Three Strikes law and a prior theft conviction within the meaning of section 666. The section 667.5, subdivision (b), allegations were dismissed in the interests of justice.

Tardy's counsel acknowledged that Tardy qualified for a felony sentence under section 666 (petty theft with a prior conviction) but requested the court exercise its discretion to sentence him as a misdemeanant. The trial court refused and sentenced Tardy to a prison term of four years (the middle term of two years for the petty theft with a prior theft conviction, doubled under the Three Strikes law).

## CONTENTION

Tardy contends imposing a felony sentence for petty theft with a prior theft conviction under section 666 violated due process because the information did not specifically charge him under that section.

## DISCUSSION

■ Due process requires that a criminal defendant be given fair notice of the charges to provide an opportunity to prepare a defense and to avoid unfair surprise at trial. (*People v. Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577], disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558 [76 Cal.Rptr.2d 239, 957 P.2d 928]; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368–369 [173 Cal.Rptr. 453, 627 P.2d 183].) ■ An accusatory pleading stating the charged offense provides the defendant not only with notice of the offense actually charged but also with notice of any necessarily included offenses. (*Toro,* at p. 973.) Petty theft is a necessarily included offense of robbery. (*People v. Ortega* (1998) 19 Cal.4th 686, 697 [80 Cal.Rptr.2d 489, 968 P.2d 48]; *People v. Webster* (1991) 54 Cal.3d 411, 443 [285 Cal.Rptr. 31, 814 P.2d 1273].)

Conceding that the accusatory pleading charging him with robbery necessarily put him on notice that he could also be convicted for the lesser included offense of petty theft, Tardy nonetheless argues that, because the information did not specifically identify section 666 or charge him with the separate "crime" of petty theft with a prior conviction, he had no notice that a

guilty verdict on the lesser included offense of petty theft, ordinarily a misdemeanor, could result in a felony sentence.

■ Section 666 authorizes the trial court, in its discretion, to impose a felony sentence on a defendant convicted of the misdemeanor offense of petty theft upon finding that the defendant suffered a prior theft conviction for which he or she served a term in any penal institution. (See *People v. Bouzas* (1991) 53 Cal.3d 467, 471 [279 Cal.Rptr. 847, 807 P.2d 1076] [petty theft with a prior qualifying conviction for a theft offense is a "wobbler" that may be punished either as a misdemeanor or a felony]; *People v. Terry* (1996) 47 Cal.App.4th 329, 332 [54 Cal.Rptr.2d 769] [same].) ■ Contrary to Tardy's suggestion, section 666 does not establish a separate, substantive "crime" of petty theft with a prior conviction. Rather, it is a sentencing statute, establishing an alternate and elevated penalty for a petty theft conviction upon a finding of a qualifying prior conviction. (*Bouzas*, at p. 478 [§ 666 "is structured to enhance the punishment for violation of [petty theft] and not to define an offense in the first instance. [It simply permits the defendant to be] subject to punishment enhanced over that which would apply following a 'first time' petty theft conviction."].)[2]

Unlike many other sentencing statutes directed to recidivists, section 666 by its terms does not require the statute to be specifically pleaded in the information or indictment. (Compare § 666 with §§ 1170.12, subd. (a), 667, subd. (e) [Three Strikes] and § 667.61, subds. (f) & (i) ["One Strike" law].) Nor do constitutional principles of due process require that the statute be specifically alleged as long as the pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and circumstance necessary to establish its applicability. (*People v. Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419]; cf. *People v. Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013] [due process requires pleading in accusatory document every fact necessary to prove enhancement; thus enhancement requiring mens rea not alleged in the pleading may not be imposed without violating due process], criticized on another ground in *People v. King* (1993) 5 Cal.4th 59, 78 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

In *People v. Shoaff* (1993) 16 Cal.App.4th 1112 [20 Cal.Rptr.2d 464] (*Shoaff*), under circumstances nearly identical to that presented in the instant case, Division Five of this court held that an information charging the defendant with grand theft and alleging a prior felony prison term for a

---

[2] Although section 666 has been referred to as a sentencing enhancement statute (see *People v. Bouzas, supra,* 53 Cal.3d at p. 479), in fact it is not an "enhancement" because it does not add to the base term. (Cal. Rules of Court, rule 4.405(c).) Rather, it provides a wholly "alternate and elevated penalty" upon a finding of a prior qualifying theft conviction. (*People v. Murphy* (2001) 25 Cal.4th 136, 155 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

theft-related offense pursuant to section 667.5, subdivision (b), was sufficient to provide the defendant with notice he could also be sentenced to petty theft with a prior conviction under section 666, even though section 666 had not been specifically alleged in the information. The court explained that "the information alleged, as a factual matter, all of the elements necessary for the imposition of punishment pursuant to section 666. Defendant could not have been misled . . . ." (*Shoaff*, at p. 1118; accord, *People v. Franco* (1970) 4 Cal.App.3d 535, 538–539 [84 Cal.Rptr. 513] [information charging defendant with petty theft under § 484 and alleging prior prison term for petty theft provided adequate notice that defendant could be sentenced under § 666 for petty theft with prior conviction even though charging document did not specify § 666].)

We agree with *Shoaff*. The accusatory pleading charging Tardy with the greater offense of robbery and alleging several prior prison terms for theft offenses necessarily served to put Tardy on notice of the greater offense of robbery, the lesser included offense of petty theft, and prior theft convictions and prison terms to support an enhanced sentence. ██ Just as there was no due process obligation to separately allege the lesser included offense of petty theft (*People v. Toro, supra,* 47 Cal.3d at p. 973), there is no due process requirement to specify section 666 when that enhancement relates solely to the unpleaded (but constitutionally noticed) lesser included offense and every fact necessary to establish section 666 is subsumed in the prior conviction/prison enhancement allegations set forth in the accusatory pleading.

*People v. Mancebo* (2002) 27 Cal.4th 735 [117 Cal.Rptr.2d 550, 41 P.3d 556] (*Mancebo*) is not to the contrary. In *Mancebo*, the defendant was charged with various sex crimes against multiple victims. The information also alleged additional facts of firearms use and kidnapping to support an enhancement under the "One Strike" law (§ 667.61).[3] At sentencing the trial court sua sponte substituted for the allegations of firearms use an unpleaded "multiple victim circumstance" to support application of the One Strike law. The trial court then utilized the gun allegations to impose additional enhancements under section 12022.5, subdivision (a). Ruling this to be error, the Supreme Court held that, because the multiple victim circumstance was not alleged, it could not be used to support the One Strike law. The Court rejected the People's argument that the defendant, charged and convicted of crimes against multiple victims, had "factual notice" of the multiple victim

---

[3] Section 667.61, subdivision (a), states that a person convicted of certain enumerated sex offenses under certain factual circumstances "shall not be eligible for release on parole for 25 years." For the penalty to apply, the existence of any fact required by section 667.61 "shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (i).)

circumstance even though those facts were not alleged as a basis for supporting One Strike sentencing. (*Mancebo*, at pp. 744–745.) The Court explained that the statute required every fact and circumstance used to support the One Strike law to be alleged in the accusatory pleading. Because the multiple victim circumstances allegation was not specifically alleged as a qualifying basis for the One Strike law, defendant was led to believe that that circumstance would not be used to support One Strike sentencing. (See *id.* at p. 746.)

*Mancebo* thus stands for the limited proposition that a defendant is entitled to notice of the specific facts that will be used to support an enhanced sentence. Facts alleged and proved only as part of the substantive crime charged cannot later be used to support a sentencing enhancement. (*Mancebo*, *supra*, 27 Cal.4th at p. 749.) Tardy's sentence, however, unlike Mancebo's, was enhanced based on facts specifically pleaded and proved as enhancements.

Tardy's reliance on *People v. Haskin* (1992) 4 Cal.App.4th 1434 [7 Cal.Rptr.2d 1] is similarly misplaced. In *Haskin*, the information, in addition to charging the substantive crime of robbery, alleged that the defendant had suffered a prior conviction and prison sentence for burglary but did not specify whether the prior burglary was of an inhabited or uninhabited dwelling. After the jury convicted the defendant of robbery, the defendant waived his right to a jury trial on the prior conviction and admitted it for the section 667.5, subdivision (b) enhancement. On its own, the court substituted a five-year section 667 enhancement for the alleged one-year section 667.5, subdivision (b) enhancement, and then made an additional finding based on evidence presented (but not pleaded) that the prior burglary was of an inhabited dwelling, thus qualifying as a "serious" felony under section 667. The Court of Appeal reversed, holding that "[b]ecause appellant was neither statutorily *nor factually* charged with, nor consented to, a substituted section 667 enhancement in conjunction with the [prior conviction], the trial court was without authority to impose a sentence greater than that authorized by [the pleaded] section 667.5 subdivision (b), the charging statute which appellant admitted." (*Haskin, supra*, at p. 1440, italics added.)

In contrast to the accusatory pleading in *Haskin*, every fact necessary to impose a felony sentence on Tardy under section 666 was alleged in the amended information. Moreover, unlike Haskin, who admitted the prior conviction for the purpose of one enhancement and could properly claim surprise by the court's imposition of a greater enhancement not alleged in the pleading, Tardy waived his right to a jury and admitted the prior conviction

only after he was advised of the People's intention to request a felony sentence under section 666. Tardy can hardly claim he was misled.[4]

## DISPOSITION

The judgment is affirmed.

Johnson, J., and Munoz (Aurelio), J.*, concurred.

Appellant's petition for review by the Supreme Court was denied January 14, 2004.

---

[4] Because the felony sentence was properly imposed, we reject Tardy's related argument that the Three Strikes law was improperly used to enhance a misdemeanor offense.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution