**Jesus Patrick BOWEN, Petitioner,**

**v.**

**G.J. GIURBINO, Warden, Respondent.**

**No. EDCV03–0382–ABC(RC).**

United States District Court,
C.D. California.

Feb. 19, 2004.

Jesus Patrick Bowen, Imperial, CA, pro se.

David Delgado–Rucci, Deputy Attorney General, San Diego, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COLLINS, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered granting the petition, and ordering petitioner be released from custody and discharged from all other adverse consequences in San Bernardino County Superior Court case FSB023867 unless the People choose to retry petitioner within 120 days of the date Judgment becomes final herein.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus is granted, and petitioner shall be released from custody and discharged from all other adverse consequences in San Bernardino County Superior Court case FSB023867 unless the People choose to retry petitioner within 120 days of the date Judgment becomes final herein.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Audrey B. Collins, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On January 27, 2000, in San Bernardino County Superior Court case no. FSB023867, a jury convicted petitioner Jesus Patrick Bowen of one count of second-degree burglary in violation of California Penal Code ("P.C.") § 459 and one count of petty theft with a prior in violation of P.C. § 666. Clerk's Transcript ("CT") 120–21. In a bifurcated proceeding, petitioner admitted he had four prior "strike" convictions within the meaning of California's Three Strikes law, P.C. §§ 667(b)-(i), 1170.12(a)-(d). CT 70; Reporter's Transcript ("RT") 116–19. Petitioner was sentenced to state prison for the term of 25 years to life. CT 127–29.

Petitioner appealed his convictions and sentence to the California Court of Appeal, which affirmed the trial court's judgment in an unpublished opinion filed August 24, 2001. Lodgment no. 2. Petitioner then filed a petition for review in the California Supreme Court, which denied review on November 14, 2001. Lodgment nos. 3–4. Finally, petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which denied the petition on March 10, 2003. Lodgment nos. 5, 7.

While his petition for certiorari was pending in the United States Supreme Court, petitioner filed a series of habeas corpus petitions in the California courts. His petition to the San Bernardino County Superior Court was denied in a written opinion filed April 10, 2002, Lodgment nos. 9–10, while his petitions to the California Court of Appeal and California Supreme Court were denied without comment on June 6, 2002, and March 19, 2003, respectively. Lodgment nos. 11–14.

## II

In affirming the trial court's judgment, the California Court of Appeal made the following findings of fact regarding the circumstances of the offenses:[1] On August 30, 1999, Brian Cosner, a Home Depot loss prevention officer, saw petitioner take two door hinges from a shelf and place them in the waistband of his pants. He also saw petitioner's wife, Margie Richardson, take one door hinge and two door viewers and place them in the waistband of her pants. Subsequently thereafter, both petitioner and his wife left the store without paying for the items, which were valued at $21.56.

Petitioner and Richardson were stopped by Cosner and Anthony Trujillo, another Home Depot loss prevention officer who was working undercover by posing as a customer in the store, outside the store. Petitioner and Richardson returned to the store, where the stolen merchandise was recovered. When asked about the stolen items, petitioner told Cosner he had come to the store to steal. Cosner then called the police.

Richardson testified on petitioner's behalf. She stated that she, not petitioner, stole the items and that he was unaware of the theft. She further asserted that, when they were apprehended and returned to the store, she told Cosner and Trujillo that she had taken the items, not petitioner. She denied that either she or petitioner said they had come to the store to steal. She also testified she tried to tell the police that she and not petitioner had taken the merchandise, but the police cited her for petty theft and arrested petitioner.

Petitioner also presented evidence in an attempt to show Cosner was confused about this incident and was mixing his facts from other shoplifting cases in which he had been involved. Petitioner also offered evidence that suggested Cosner could not recall how far away he was from petitioner when petitioner had taken the items. Petitioner further attempted to discredit Cosner's credibility by showing Cosner could not recall whether he had testified at the preliminary hearing.

## III

On March 28, 2003, petitioner filed the pending habeas corpus petition. Respondent filed an answer to the petition on July 3, 2003, and petitioner filed his traverse on July 21, 2003.

Petitioner raises the following grounds for relief:

Ground One—Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to: (a) properly investigate the defense of false arrest by determining whether the Home Depot store had a working videocamera that recorded the theft on tape, whether Cosner had a pattern of false arrests, and whether Trujillo actually recovered all five stolen items from Richardson as she testified; (b) rehabilitate Richardson on a crucial point of the defense of false arrest; and (c) request the sentencing court exercise its discretion to strike priors under the Three Strikes law.[2] (Memorandum ("Memo.") 1–32);

Ground Two—Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to object to the prosecutor's references to petitioner's prior theft-related conviction during closing arguments (Memo.34–35);

---

1. Lodgment no. 2 at 2–3.

2. In *People v. Superior Court (Romero),* 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996), the California Supreme Court held

P.C. § 1385 allows a trial court to dismiss a prior "strike" conviction for sentencing purposes "in the interests of justice." *Id.* at 529–530, 53 Cal.Rptr.2d at 808, 917 P.2d 628.

Ground Three—Petitioner's due process rights were violated when the trial court erroneously instructed the jury with CALJIC no. 14.40 (Memo.36–37);

Ground Four—The trial court violated petitioner's due process rights by permitting the jury to learn of his prior theft-related conviction, even after petitioner stipulated to its truth (Memo.38);

Ground Five—The evidence at petitioner's trial was insufficient to support his convictions (Memo.39–40);

Ground Six—The trial court violated petitioner's due process rights by allowing petitioner's prior theft-related conviction to be admitted into evidence as an element of the petty theft with a prior offense and permitting comment upon it in closing argument (Memo.41–44); and

Ground Seven—Petitioner's sentence of 25 years to life for taking $21.56 worth of merchandise violates the Eighth Amendment's prohibition against cruel and unusual punishment (Memo.45–46).

## DISCUSSION

### IV

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance are the revisions the AEDPA made to 28 U.S.C. § 2254(d), which now provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under the AEDPA, a federal court shall presume that a determination of factual issues made by a state court is correct, and petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The California Supreme Court reached the merits of petitioner's claims when it denied his petitions for review and habeas corpus without citation to authority or a written opinion. *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). However, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir.2000), *cert. denied,* 534 U.S. 944, 122 S.Ct. 324, 151 L.Ed.2d 242 (2001). Thus, in addressing Grounds Two and Seven, this Court must consider the reasoning of the California Court of Appeal, which issued a written decision denying those claims on the merits. Similarly, in addressing Ground One, the Court must consider the reasoning of the San Bernardino County Superior Court, which issued a written decision denying that claim on the merits. As to the remaining claims, which have not been the subject of any "reasoned" state-court decision, this Court must conduct "an independent review of the record" to determine whether the California Supreme Court's

ultimate decision to deny those claims was contrary to, or involved an unreasonable application of, clearly established federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

## V

### A. Petty Theft with a Prior (P.C. § 666):

In California, the crime of larceny or theft is classified as either grand theft or petty theft. P.C. § 486. Generally, grand theft is theft of property valued at more than $400, P.C. § 487, and all other theft is petty theft. P.C. § 488. Petty theft is usually a misdemeanor, punishable by fine or imprisonment in the county jail not exceeding six months, or both. P.C. § 490. However, if an individual convicted of petty theft has a prior theft-related conviction for which he served a term in a penal institution, he may be convicted of violating P.C. § 666, which provides for enhanced penalties, including the possible treatment of the conviction as a felony for sentencing purposes.[3]

▮ Although a violation of P.C. § 666 is often referred to as the substantive crime of "petty theft with a prior," the California Supreme Court, in *People v. Bouzas*, 53 Cal.3d 467, 279 Cal.Rptr. 847, 807 P.2d 1076 (1991), held P.C. § 666 "is structured to enhance the punishment for violation of other defined crimes and not to define an offense in the first instance." *Id.* at 478, 279 Cal.Rptr. at 855, 807 P.2d 1076; *see also People v. Tardy*, 112 Cal. App.4th 783, 787, 6 Cal.Rptr.3d 24, 27

(2003) ("[P.C.] section 666 does not establish a separate, substantive 'crime' of petty theft with a prior conviction[.]"); *United States v. Corona–Sanchez*, 291 F.3d 1201, 1206 (9th Cir.2002) (citing Bouzas for proposition P.C. § 666 "is a pure sentencing statute"). Based upon this distinction, the California Supreme Court concluded "the prior conviction and incarceration requirement of [P.C.] § 666 is a sentencing factor for the trial court and not an 'element' of the [P.C.] section 666 'offense' that must be determined by a jury." *Bouzas*, 53 Cal.3d at 480, 279 Cal.Rptr. at 856, 807 P.2d 1076. Accordingly, under Bouzas, a defendant charged with violating P.C. § 666 or petty theft with a prior has "the right to stipulate to the prior conviction and incarceration **and thereby preclude the jury from learning of the fact of his prior conviction**." *Id.* (emphasis added).

### B. Factual and Procedural Background:

On October 27, 1999, an information was filed charging petitioner with one count of second degree commercial burglary (count 1) and one count of petty theft with a prior (count 2), both felonies, arising out of the same incident at Home Depot. CT 17–20. Regarding count 2, it was further alleged that petitioner had suffered a prior conviction for robbery in Los Angeles County Superior Court case no. A6366808 in 1986 and had served a term in a penal institution. *Id.* A first amended information containing essentially the same charges was subsequently filed. CT 61–64.

---

**3.** By its terms, P.C. § 666 provides:
Every person who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of

probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison.

P.C. § 666 (West 2000).

During a pre-trial hearing on January 25, 2000, petitioner stipulated to the prior theft-related conviction for the purposes of the P.C. § 666 charge. As part of that process, the trial court explicitly told petitioner that, by entering into the stipulation, "the jury will not hear of your prior robberies." RT 7. Indeed, under Bouzas, that stipulation should have operated to keep evidence of the prior theft-related conviction away from the jury entirely. However, during voir dire later that day, the clerk read into the record in open court the following, as part of the then-pending first amended information:

> [D]efendant, Jesus Patrick Bowen, was previously convicted in the State of California of a felony theft-related crime and served a term in a penal institution.

RT 12. Given the stipulation by petitioner, the reading into the record of the charge that petitioner had suffered a prior theft-related conviction was erroneous under California law, P.C. § 1093, which provides, in relevant part:

> If the accusatory pleading be for a felony, the clerk shall read it, and state the plea of the defendant to the jury, **and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction.**

P.C. § 1093(a) (emphasis added); *Bouzas,* 53 Cal.3d at 472 n. 3, 279 Cal.Rptr. at 850 n. 3, 807 P.2d 1076. However, defense counsel did not object to the reading of this allegation to the jury.

At the close of the prosecution's case-in-chief, the prosecutor read the stipulation regarding petitioner's prior theft-related conviction into evidence:

> Ladies and gentlemen, there is a stipulation in this case that obviates the necessity for additional witnesses. That stipulation has been agreed to between the defendant, defense attorney, and myself on behalf of the District Attorney's office. The stipulation is: Prior to the August 30th, 1999 date, the date of the offense in this case, the defendant Jesus Bowen was previously convicted of a felony theft-related crime and previously served a term for that conviction in a penal institution, specifically state prison.

RT 62–63. Defense counsel did not object to the reading of this stipulation to the jury; rather, he affirmatively joined in it. RT 63. Further, the trial court then informed the jury:

> Ladies and gentlemen, all sides have stipulated to that stipulation. **That means it is not in dispute and you must accept it as proven.**

RT 63 (emphasis added).

During his closing argument, the prosecutor twice mentioned petitioner's prior theft-related conviction. The first mention occurred during the prosecutor's summary of the evidence that had been presented at trial:

> Now, after Mr. Cosner testified, we then heard a stipulation. The stipulation in essence took place of additional witnesses, and everybody stipulated to that. **That stipulation again was that prior to the August 30th, 1999, date, the date of the offense in this case, the defendant was previously convicted of a felony theft-related crime and previously served a term for that conviction in a penal institution; specifically, state prison.**

RT 131–32 (emphasis added). Later, in going through the elements of P.C. § 666, the prosecutor stated:

> Now, the next element for this crime is that person, the defendant, prior to committing this petty theft, had been previously convicted of a felony theft-related

conviction in a penal institution. Does that sound familiar? It ought to. **There was a stipulation yesterday between myself, the defense attorney, and the defendant that said the defendant, prior to committing this petty theft, had been previously convicted of a felony theft-related crime and had served a term for such conviction in a penal institution, specifically state prison, which is a penal institution.** RT 138 (emphasis added). Defense counsel did not object to either of these references. After defense counsel gave his closing argument, the prosecutor gave his rebuttal, in which he yet again mentioned the petitioner's prior theft-related conviction:

> Prior conviction, that's [what is] needed under that section [P.C. § 666]. **It was stipulated he has a felony theft-related crime for which he served time in a penal institution.**

RT 155 (emphasis added). Again, defense counsel did not object.

After counsel completed their closing arguments, the trial court gave the jury its instructions. It was at this point that the final erroneous mention of petitioner's pri-

or theft-related conviction occurred. In California, there are two standard jury instructions regarding the findings necessary for a conviction under P.C. § 666. When the defendant has admitted the prior theft-related conviction, CALJIC no. 14.41 simply instructs the jury on the substantive crime of petty theft.[4] By contrast, when the defendant has denied the prior theft-related conviction, CALJIC no. 14.40 explicitly instructs the jury to consider that issue as an element of the crime.[5] Here, the trial court inexplicably instructed the jury with both CALJIC nos. 14.40 **and** 14.41. CT 104–05; RT 159–60. Defense counsel, however, did not object to the jury instructions. Petitioner's trial lasted about five hours, CT 66–71, and the jury deliberated for approximately one hour before returning its guilty verdicts. CT 71.

In this case, several of petitioner's claims arise out of the undisputed violations of the Bouzas rule detailed above. Although petitioner had entered into a pre-trial stipulation admitting the truth of his prior theft-related conviction and imprisonment thereon, through a combination of errors by the trial court, the prose-

---

**4.** CALJIC no. 14.41 provides:

Every person who steals, takes, carries, leads or drives away the personal property of another with the specific intent to permanently deprive the owner of his property is guilty of the crime of petty theft, if the value of the property is under $400.
CT 105.

**5.** CALJIC 14.40 provides:

Defendant is accused in Count 2 of having committed the crime of petty theft after he had previously been convicted of a *theft related felony crime* and had served a term for that conviction in a penal institution. [¶] Any person who steals, takes, carries, leads or drives away the personal property of another with the specific intent to permanently deprive the owner of his property is

guilty of the crime of petty theft, and if that person previously had been convicted of a *theft related felony crime* and had served a term for such conviction in a penal institution, is guilty of the crime of petty theft with a prior conviction in violation of Penal Code section 666.[¶] In order to prove this crime, the following elements must be proved:
[¶] 1. A person committed a petty theft in that he stole, took or carried away the personal property of another person with the specific intent to permanently deprive another person of such property; and [¶] 2. That person prior to committing the petty theft, had been convicted of a *theft related felony crime* and had served a term for such conviction in a penal institution. [¶] *State Prison* is a penal institution.
CT 104.

cutor, and defense counsel, the jury was repeatedly advised of the fact petitioner had suffered a prior theft-related conviction: The first amended information's allegation of a prior conviction was read to the jury, RT 12; petitioner's stipulation was made part of the record and read to the jury, RT 62–63; the prosecutor in closing argument referred several times to petitioner's prior theft-related conviction, RT 131–32, 138, 155; and the jury was instructed by the trial court that petitioner had suffered a prior theft-related conviction, CT 104–05, RT 159–60. As will be discussed in more detail herein, the Court concludes that these multiple errors, whether viewed separately or cumulatively, warrant the granting of federal habeas relief.

## VI

■ To establish a prima facie claim of ineffective assistance of trial counsel, a defendant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77, 120 S.Ct. 1029, 1034, 145 L.Ed.2d 985 (2000); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The defendant bears the burden of establishing both components. *Williams*, 529 U.S. at 390–91, 120 S.Ct. at 1511–12; *Smith v. Robbins*, 528 U.S. 259, 285–86, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000); *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. "Deficient performance is performance which is objectively unreasonable under prevailing professional norms." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir.1990)(citing *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064). Prejudice "focuses on the question whether counsel's deficient performance renders the results of the trial unreliable or the

proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993); *Williams*, 529 U.S. at 393 n. 17, 120 S.Ct. at 1513 n. 17.

■ To establish deficient performance, a defendant must show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Karis v. Calderon*, 283 F.3d 1117, 1130 (9th Cir.2002). In reviewing trial counsel's performance, the court will "strongly presume[ ] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). Only if counsel's acts or omissions, examined within the context of all the surrounding circumstances, were outside the "wide range" of professionally competent assistance, will a defendant meet this initial burden. *Kimmelman*, 477 U.S. at 386, 106 S.Ct. at 2588; *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2068.

■ If a defendant makes this showing, he must then establish there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Williams*, 529 U.S. at 391, 120 S.Ct. at 1511–12. The errors must not merely undermine confidence in the outcome of the trial, but must result in a proceeding that was fundamentally unfair. *Williams*, 529 U.S. at 393 n. 17, 120 S.Ct. at 1513 n. 17; *Lockhart*, 506 U.S. at 369, 113 S.Ct. at 842–43. However, a court need not determine whether counsel's performance was deficient before examining the prejudice

suffered by the defendant as the result of the alleged deficiencies. *See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."); *Smith,* 528 U.S. at 286 n. 14, 120 S.Ct. at 764 n. 14 (same).

In Ground Two, petitioner claims his attorney was ineffective for failing to object to the prosecutor's repeated references to petitioner's prior theft-related conviction during closing arguments. In denying this claim, the California Court of Appeal assumed, without deciding, that defense counsel was deficient within the meaning of Strickland; however, the court concluded petitioner could not establish prejudice:

> [T]he jury in the present matter only learned that [petitioner] had a prior theft-related conviction, not specifically that it had been robbery. Further, the fact of [petitioner's] prior theft-related conviction was not "brought home to the jury." [Petitioner] did not testify and therefore, as the People point out, the People never cross-examined him about his prior conviction. [¶] Moreover, contrary to [petitioner's] contention, the evidence in this case was strong .... Cosner testified that he saw [petitioner] take two door hinges from a shelf and place them in the waistband of his pants. He also stated that after he stopped [petitioner] outside of the store, he retrieved two hinges from the waistband of [petitioner's] pants. Indeed, neither [petitioner] nor his wife disputed the fact that two hinges were actually recovered from [petitioner's] pants. Therefore, the evidence was clear that [petitioner] had committed a theft at Home Depot, and [petitioner's] defense was implausible. [Petitioner's] wife's credibility was also questionable. Accordingly, even if the jury heard that [petitioner] had a prior theft-related conviction, the evidence was clear that, when [petitioner] exited the store, he had concealed upon his person unpaid items from the store. [¶] The vice of the two asserted failures by defense counsel here was the jury might reason, "once a thief, always a thief." However, based on the undisputed fact that two of the stolen items recovered were actually found on [petitioner's] person, it appears the jury did not indulge in any prohibited reasoning. We thus conclude [petitioner] has failed to demonstrate that he was prejudiced by the asserted ineffective assistance of counsel.

Lodgment no. 2 at 12–15 (citations omitted).

 As an initial matter, this Court has no hesitation in determining defense counsel's performance was constitutionally deficient. Given the unequivocal holding in Bouzas, which was issued almost nine years before petitioner's trial, there was no tactical reason for defense counsel's failures to object to the prosecutor's repeated references to petitioner's prior theft-related conviction during closing arguments.[6]

 This Court finds the California Court of Appeal's application of Strickland's prejudicial analysis was "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 73–75, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003). As quoted above, the California Court of Appeal set forth three justifications for determining petitioner had not suffered prejudice from his attorney's deficient performance: (1) that the

---

**6.** Indeed, although not raised by petitioner, defense counsel also was clearly deficient for failing to object to the reading to the jury of the prior conviction portion of the first amended information and the parties' stipulation and the giving of CALJIC no. 14.40.

jury learned "only" that petitioner had a prior theft-related conviction, rather than a robbery conviction; (2) that petitioner's prior conviction was not "brought home to the jury"; and (3) the "undisputed" evidence of petitioner's guilt. All of these justifications are fundamentally flawed.

First, given that petitioner was charged with second degree commercial burglary and petty theft with a prior, it strains credulity to say petitioner was not prejudiced because the jury learned "only" that he had suffered a prior theft-related conviction, rather than a robbery conviction. As the United States Supreme Court has repeatedly recognized, "the introduction of evidence of a defendant's prior crimes risks significant prejudice." *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998); *see also Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 652, 17 L.Ed.2d 606 (1967)(prior crimes evidence "is generally recognized to have potentiality for prejudice"). This is because such evidence can invite the jury to improperly convict a defendant simply on the basis of criminal propensity. *See United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)("guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing"). That risk is elevated when, as here, the prior conviction is similar in nature to the charges against the defendant. *See Old Chief v. United States*, 519 U.S. 172, 186, 117 S.Ct. 644, 652, 136 L.Ed.2d 574 (1997)("Where a prior conviction was for [a crime] similar to other charges in a pending case, the risk of unfair prejudice would be especially obvious[.]"); *United*

*States v. Jimenez*, 214 F.3d 1095, 1099 (9th Cir.2000)(noting prejudicial impact of having jury learn defendant had prior conviction for felony involving firearm "where the only issue in dispute [in pending trial] was whether the defendant had, in fact, possessed a firearm"). Finally, as a result of defense counsel's failure to object, the jury was not given any limiting instructions regarding their consideration of petitioner's prior conviction. *See Crotts v. Smith*, 73 F.3d 861, 867 (9th Cir.1996)(absence of limiting instruction "magnified the prejudicial effect" of prior bad act evidence), *superseded by statute as stated in Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir.2000).[7]

Second, the California Court of Appeal's rationale that petitioner's prior theft-related conviction was not "brought home to the jury" because petitioner did not testify and was not cross-examined is not persuasive. Put bluntly, petitioner's conviction was brought to the jury's attention five separate times during a short trial. CT 66–71. Indeed, the jury was not just offered evidence of petitioner's prior theft-related conviction, but rather was instructed the prior conviction was a **stipulated fact** that had to be accepted as true. RT 63. Further, defense counsel's failures to object were compounded by the trial court's erroneous instructions, which explicitly commanded the jury **to consider** petitioner's prior theft conviction during its deliberations.

Lastly, the California Court of Appeal's reliance on the "undisputed" evidence of petitioner's guilt blatantly misconstrues the trial record. Although Cosner, the Home Depot loss prevention agent, testified he recovered two hinges from petitioner, RT 35, Cosner's testimony was directly

7. Van Tran was itself overruled on another point by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

contradicted by the testimony of petitioner's wife, Margie Richardson, who claimed to have concealed all five stolen items in **her** waistband. RT 70, 84. While Richardson's testimony was certainly open to attack on credibility grounds due to her bias, for the California Court of Appeal to state it is "undisputed" that two hinges were recovered from petitioner[8] is "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The AEDPA's deferential standard of review in 28 U.S.C. § 2254(d) is designed "to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693, 122 S.Ct. 1843, 1849, 152 L.Ed.2d 914 (2002); *Miller-El v. Cockrell,* 537 U.S. 322, 337, 123 S.Ct. 1029, 1039–40, 154 L.Ed.2d 931 (2003). However, such "deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief." *Miller-El,* 537 U.S. at 340, 123 S.Ct. at 1041; *see also Hall v. Director of Corrections,* 343 F.3d 976, 984 n. 8 (9th Cir.2003)("AEDPA, although emphasizing proper and due deference to the state court's findings, did not eliminate federal habeas review.").

Here, in a short trial, the jury was presented with a classic credibility contest between Cosner and Richardson on the central question of whether petitioner stole hinges from Home Depot. However, the jury's consideration of that question was indisputably tainted by its improper knowledge petitioner had previously been convicted of a theft-related felony, a fact known to the jury because defense counsel failed to object.[9] Since the reasons offered by the California Court of Appeal for determining petitioner did not suffer prejudice from his counsel's failure to object are uniformly flawed, "the state court applied Strickland to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti,* 537 U.S. 19, 25, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002); *see also, Riley v. Payne,* 352 F.3d 1313, 1321–25 (9th Cir.2003)(granting federal habeas relief on ineffective assistance claim under AEDPA, based upon state court's objectively unreasonable application of Strickland); *Nunes v. Mueller,* 350 F.3d 1045, 1054–56 (9th Cir.2003)(same). Thus, federal habeas relief must be granted.

## VII

██ "Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing no-

---

**8.** The Court of Appeal's statement appears to rest upon the following exchange between the prosecutor and Richardson:

> [PROSECUTOR]: But the two hinges were actually recovered from your husband's pants; isn't that right?
> RICHARDSON: This is what they tried to charge him with, yes.

RT 99. Interestingly, during his state habeas proceedings, petitioner raised a claim (also raised in these proceedings) that defense counsel was ineffective for failing to rehabilitate Richardson on this point. In denying this claim, the San Bernardino County Superior Court held that no rehabilitation was necessary because the statement in question merely indicated "that the petitioner was be-

ing charged with having the stolen items. **It admits nothing.**" Lodgment no. 10 at 2 (emphasis added). Indeed, Richardson maintained petitioner's innocence throughout petitioner's trial:

> [PROSECUTOR]: Is it my understanding that it's your testimony on August 30th you took all of the items that were allegedly taken on that day?
> RICHARDSON: Yes.
> [PROSECUTOR]: Mr. Bowen take any of those items?
> RICHARDSON: No.

RT 95.

**9.** Under Bouzas, defense counsel's objection would clearly have been sustained.

tions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). Accordingly, in narrow circumstances, the misapplication of state statutory or decisional law or evidentiary rules may violate federal due process safeguards. *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984); *Ortiz v. Stewart*, 149 F.3d 923, 941 (9th Cir.1998), *cert. denied*, 526 U.S. 1123, 119 S.Ct. 1777, 143 L.Ed.2d 806 (1999). In a state criminal trial, federal habeas relief is warranted only if the evidence erroneously admitted is so prejudicial that its admission violates a defendant's right to a fundamentally fair trial. *Estelle v. McGuire*, 502 U.S. 62, 70, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991); *Dubria v. Smith*, 224 F.3d 995, 1001 (9th Cir.2000), *cert. denied*, 531 U.S. 1148, 121 S.Ct. 1089, 148 L.Ed.2d 963 (2001); *Park v. California*, 202 F.3d 1146, 1154 (9th Cir.), *cert. denied*, 531 U.S. 918, 121 S.Ct. 277, 148 L.Ed.2d 202 (2000).

■ In Grounds Four and Six, petitioner claims the trial court violated his federal due process rights by admitting evidence of his prior theft-related conviction and allowing comment on it during closing arguments, even after he had stipulated to the fact of the conviction. The Court finds this is an alternate and independent basis for the granting of habeas corpus relief.

Generally, "[t]he admission of 'other acts' evidence, which a defendant contends is unduly prejudicial, will violate due process only when there are **no** permissible inferences the jury may draw from the evidence." *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir.1998)(quoting *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir.1991) (emphasis in original)); *Houston v. Roe*, 177 F.3d 901, 910 n. 6 (9th Cir. 1999), *cert. denied*, 528 U.S. 1159, 120 S.Ct.

1168, 145 L.Ed.2d 1078 (2000). Here, there were no permissible inferences the jury could have taken from the evidence of petitioner's prior theft-related conviction, but only the impermissible inference of criminal propensity. Accordingly, this Court concludes the admission into evidence of petitioner's prior theft-related conviction was an error of constitutional magnitude. *See McKinney v. Rees*, 993 F.2d 1378, 1384 (9th Cir.)(finding "other acts" evidence which supported only impermissible propensity inference constituted potential due process violation), *cert. denied*, 510 U.S. 1020, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993).

The Court further concludes the error was not harmless. The central question in performing harmless-error analysis is whether the error in question had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 766, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *see also Bains v. Cambra*, 204 F.3d 964, 977 (9th Cir.)(Brecht is proper standard for harmless error review in all habeas cases brought under 28 U.S.C. § 2254), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000). In this case, given that defense counsel's failure to object to the prosecutor's references to petitioner's prior conviction was prejudicial under Strickland, it follows a fortiori that the actual admission of the evidence was itself prejudicial under Brecht. *See Kyles v. Whitley*, 514 U.S. 419, 436, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995)(Strickland prejudice standard requires greater showing of harm to defendant than Brecht harmless-error standard); *Pirtle v. Morgan*, 313 F.3d 1160, 1173 n. 8 (9th Cir.2002) ("harmless error analysis under Brecht ... involves a lower standard than Strick-

land's standard for prejudice"), *cert. denied*, —— U.S. ——, 123 S.Ct. 2286, 156 L.Ed.2d 132 (2003).

Further, even if Strickland prejudice was not present in this case, the Court finds the error was not harmless. As discussed above, the evidence, while not presented in a particularly inflammatory way, was inherently prejudicial in nature. Further, the prejudicial impact of the evidence was not in any way mitigated by a limiting instruction. *Crotts*, 73 F.3d at 867; *cf. Spencer*, 385 U.S. at 563–64, 87 S.Ct. at 653–54 (not violation of due process to admit "other crimes" evidence for purposes other than showing criminal propensity so long as jury is given proper limiting instructions). Finally, this is not a case in which the prejudicial evidence was only mentioned briefly during a long trial; rather, it was presented to the jury repeatedly throughout a short trial. *See McKinney*, 993 F.2d at 1386 (noting extent to which inadmissible character evidence was mentioned during trial). Thus, under the circumstances of this case, the Court finds that, at the very least, there is a "grave doubt" whether the repeated references to petitioner's prior conviction had a "substantial and injurious effect" on the jury's decision to convict petitioner of two theft-related offenses. *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995). In such a case, the error "is not harmless. And, the petitioner must win." *Id.* at 436, 115 S.Ct. at 994; *see also Payton v. Woodford*, 346 F.3d 1204, 1217 (9th Cir.2003) (in performing Brecht/O'Neal analysis, government "bears the risk of doubt" (internal quotations omitted)). Thus, federal habeas relief is warranted on petitioner's due process claims.

## VIII

A faulty jury instruction will constitute a violation of due process where the instruction by itself so infected the entire trial that the resulting conviction violates due process. *Estelle*, 502 U.S. at 72, 112 S.Ct. at 482, 116 L.Ed.2d 385 (1991); *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *Spivey v. Rocha*, 194 F.3d 971, 976 (9th Cir.1999), *cert. denied*, 531 U.S. 995, 121 S.Ct. 488, 148 L.Ed.2d 461 (2000). The instruction must be more than merely erroneous; rather, "the petitioner must establish that there was a reasonable likelihood that the jury applied the instruction in a way that violated a constitutional right." *Carriger v. Lewis*, 971 F.2d 329, 334 (9th Cir. 1992)(en banc), *cert. denied*, 507 U.S. 992, 113 S.Ct. 1600, 123 L.Ed.2d 163 (1993); *Estelle*, 502 U.S. at 72, 112 S.Ct. at 482; *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990). Furthermore, "it is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72, 112 S.Ct. at 482; *Cupp*, 414 U.S. at 147, 94 S.Ct. at 400–01.

In Ground Three, petitioner claims the trial court violated his due process rights by instructing the jury with CALJIC no. 14.40. There is no question the trial court's instruction of CALJIC no. 14.40 was error. Further, in light of the repeated improper references to petitioner's prior conviction throughout the brief trial, the Court concludes that, viewed in the context of the trial record as a whole, the instructional error was not harmless under Brecht. Effectively, by giving CALJIC no. 14.40, the trial court **ordered** the jury to explicitly consider that petitioner was a convicted thief, an issue that, given Bouzas and petitioner's pre-trial stipulation, should never have been part of

the deliberative process.[10] Accordingly, the trial court's giving of CALJIC no. 14.40, without any limitations, violated petitioner's due process rights [11] and provides a third independent ground for the issuance of habeas corpus relief.[12]

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered granting the petition, and ordering petitioner be released from custody and discharged from all other adverse consequences in San Bernardino County Superior Court case FSB023867 unless the People choose to retry petitioner within 120 days of the date Judgment becomes final herein.

Dated Jan. 15, 2004.

---

**10.** Put another way, the trial court's erroneous giving of CALJIC no. 14.40, without any limitations, made petitioner's prior theft-related conviction an element of the crime, in contradiction of Bouzas. Given the inherently prejudicial nature of the prior conviction, the Court opines this may have impermissibly lightened the prosecution's overall burden of proof on the charges against petitioner.

**11.** Under the Ninth Circuit's jurisprudence, "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." *Alcala v. Woodford,* 334 F.3d 862, 883 (9th Cir.2003)(internal quotations omitted); *see also Karis,* 283 F.3d at 1132 ("Although no single alleged error may warrant habeas corpus relief, the cumulative effect of errors may deprive a petitioner of the due process right to a fair trial.").

**12.** In light of the conclusion petitioner is entitled to relief on each of the grounds discussed above, the Court need not address petitioner's remaining claims.