Filed 12/11/15  P. v. Ghoman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>GURJEET SINGH GHOMAN,<br><br>     Defendant and Appellant. | C078556<br><br>(Super. Ct. Nos. CM041658,<br>CM041949) |

Around May 23, 2013, defendant Gurjeet Singh Ghoman received a stolen Remington model 870 shotgun.  He pled no contest to receiving stolen property and admitted a gang enhancement in case No. CM041658.  The trial court placed defendant on three years' probation.

On September 19, 2014, Chico police officers conducting a probation search of defendant's residence found cocaine, marijuana, and $3,933 in cash.  Several texts on defendant's cell phone indicated his involvement in the sale of controlled substances.

1

Defendant pled guilty to possession of marijuana for sale in case No. CM041949. As a result of the plea, the trial court found defendant violated his probation in case No. CM041658.

Defendant subsequently moved to: 1) have the receiving conviction designated as a misdemeanor because the shotgun in question was worth less than $950; and 2) dismiss the gang enhancement (Pen. Code, § 186.22, subd. (b)(1)). At sentencing, the trial court designated the receiving offense as a misdemeanor and struck the gang enhancement.[1] The court additionally found that defendant was subject to felony sentencing on the receiving charge pursuant to subdivision (d) of section 186.22 of the Penal Code,[2] and sentenced defendant to an upper term of three years on the receiving count and a

---

[1]     Penal Code section 186.22, subdivision (b)(1) provides an enhancement for "any person who is convicted of a *felony* committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (Italics added.)

[2]     Penal Code section 186.22, subdivision (d) states: "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in a county jail not to exceed one year, or by imprisonment in a state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days. If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail." This alternative sentencing provision applies to all misdemeanors. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 897; see also *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395-1398 [where sustained enhancement cannot be applied to defendant's crime, court may impose uncharged lesser included enhancement]; *People v. Tardy* (2003) 112 Cal.App.4th 783, 787-788 [no due process requirement to separately charge alternative sentencing provision where information alleges every fact needed to sustain the provision].)

consecutive eight months for marijuana sales, for a total term of three years eight months, suspended execution of sentence, and placed defendant on five years' formal probation.

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/
Robie, J.


We concur:


/s/
Raye, P. J.


/s/
Renner, J.

3