Filed 7/9/24  P. v. Ramirez CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077359 |
| v. | (Super.Ct.No. RIF1605001) |
| PEDRO PAREDES RAMIREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed in part; reversed in part with directions.

Stephen M. Lathrop, by appointment of the Court of Appeal, for Defendant and Appellant.

1

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Donald W. Ostertag, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant, Pedro Paredes Ramirez, was convicted of nine offenses arising out of six different incidents involving different victims. These offenses included three counts of committing a lewd act on a child under the age of 14 years (Pen. Code,[1] § 288, subd. (a); counts 2, 3, 7); one count of committing a lewd act on a child under the age of 14 years by means of force, violence, duress, or menace (§ 288, subd. (b)(1); count 9); and one count of first degree burglary of an inhabited dwelling house (§§ 459, 462, subd. (a); count 4). The jury also found true special circumstance allegations pursuant to section 667.61 (one strike law) that counts 2, 3, 7, and 9 were committed during the commission of a burglary (§ 667.61, subd. (e)(2)), as well as during the commission of a first degree burglary with the intent to commit a specified sex offense against a victim under the age of 14 years (§ 667.61, subds. (c), (d)(4)). Defendant's sentence included a term of life in prison without the possibility of parole pursuant to section 667.61, subdivision (j)(1), on count 9; three terms of 25 years to life pursuant to section 667.61, subdivision (j)(2), on counts 2, 3, and 7; and an upper term of 6 years on count 4.

On appeal, defendant contends that (1) there was insufficient evidence of his identity to support his convictions on counts 2 and 3; (2) the information was not

---

[1] Undesignated statutory references are to the Penal Code.

2

sufficiently specific to afford him adequate notice that he could be sentenced pursuant to the enhanced penalties set forth in section 667.61, subdivision (j); and (3) the matter must be remanded for resentencing as a result of amendments to section 1170, subdivision (b), because the trial court imposed an upper term sentence on count 4 without submitting the truth of any aggravating factors to a jury.

In our original opinion in this appeal, we concluded that sufficient evidence supports defendant's convictions on counts 2 and 3, and we also concluded that the information was sufficiently specific to afford adequate notice that defendant could be sentenced pursuant to section 667.61, subdivision (j). However, we agreed with defendant that the matter must be remanded for resentencing in light of the amendments to section 1170, subdivision (b). The Supreme Court granted a petition for review and, after issuing its decision in *In re Vaquera* (2024) 15 Cal.5th 706 (*Vaquera*), returned the matter to us with directions to vacate our decision and reconsider the cause in light of *Vaquera*. After consideration of *Vaquera* and the parties' supplemental briefs on the matter, we reach the same disposition as set forth in our original opinion.

## II. BACKGROUND

A. *Procedural History and Charges*

In 2017, the People filed an information alleging defendant had engaged in numerous offenses arising out of multiple incidents from August 2015 through October 2016.{CT 150-155} Specifically, defendant was charged with (1) aggravated trespassing (§ 602.5, subd. (b); count 1); (2) committing lewd acts upon a child under the age of 14 years (§ 288, subd. (a); counts 2, 3); (3) first degree burglary of an inhabited

3

dwelling (§§ 459, 462, subd. (a); count 4); (4) assault during the course of a first degree burglary with the intent to commit rape, sodomy, or oral copulation (§ 220, subd. (b); count 5); (5) disorderly conduct (§ 647, subd. (i); count 6); (6) committing a lewd act upon a child under the age of 14 years (§ 288, subd. (a); count 7); (7) assault during the course of a first degree burglary with the intent to commit rape, sodomy, or oral copulation (§ 220, subd. (b); count 8); and (8) committing a lewd act on a child under the age of 14 years by means of force, violence, duress, or menace (§ 288, subd. (b)(1); count 9).{*Ibid.*}

Additionally, four counts (counts 2, 3, 7, & 9) were accompanied by special circumstance allegations. The special allegations attached to each count were identical, stating in pertinent part: "It is further alleged that during the commission of the above offense, the defendant . . . entered an inhabited dwelling house and the inhabited portion of a building with the intent to commit an offense specified in Penal Code section 667.61, subdivision (c), within the meaning of Penal Code section 667.61, [subdivision (d)(4)]. [¶] . . . [¶] It is further alleged that the above offense was committed by the defendant, during the commission of a burglary, within the meaning of Penal Code section 667.61, subdivision (e), subsection (2)."{CT 150-155}

In November 2018, the People filed a first amended information which added the following special allegation: "It is further alleged that in the present case and [causes,] defendant committed a qualifying sex offense against more than one victim as listed in Penal Code section 667.61, subdivision (e)(4) & (5) [15-L, 25-L, LWOP]."{CT 195} The case was tried in a court trial; defendant was found guilty on all counts; and each of

4

the special allegations were found true.{CT 279-280}  The People filed a sentencing

memorandum arguing that the facts pled and proved at trial triggered the enhanced

penalties provided in section 667.61, subdivision (j), with respect to counts 2, 3, 7, and

9;{CT 294} and the trial court sentenced defendant pursuant to that provision.{CT 334,

340}

In 2020, the original judgment of conviction was vacated on appeal[2] and, upon

remand, the trial court ordered that the matter be retried as to all counts and all special

allegations pursuant to section 667.61.{CT 350}  The People proceeded to file a second

amended information, which substantively repeated all of the same factual allegations

alleged in the first amended information but omitted the bracketed phrase.{CT 384}

B. *Relevant Evidence at Trial*[3]

Counts 2 and 3 relate to an incident in September 2015 involving E.R.  E.R. was

six years old at the time but was 12 years old by the time she testified at trial.  E.R.

recalled that during this incident, a man entered her home, pulled out his penis, grabbed

her by the waist and pulled her onto his lap.  When E.R. attempted to run away from the

---

[2] In an unpublished opinion, this court vacated defendant's judgment but held that defendant may be retried on all the charges and special allegations pursuant to section 667.61, with the exception of section 667.61, subdivision (e)(5).  (*People v. Ramirez* (May 21, 2020) E072111 [nonpub.].)

[3] Because defendant challenges only the sufficiency of the evidence to establish his identity as the perpetrator of the offenses alleged in counts 2 and 3, we summarize only the evidence relevant to the issue of identity in relation to those charges.

man, he tried to prevent her from exiting the room by blocking the doorway. However, E.R. was able to squeeze by and get out of the room.

E.R. confirmed that she participated in a recorded interview with law enforcement shortly after the incident, and the recording was played for the jury. In the recording, E.R. provided a more detailed account of the events, describing how the man initially hugged her, rubbed her face, and touched her "privates" when he first entered E.R.'s home. He later directed E.R. to a separate room where he pulled her onto his lap, while touching her legs and genital areas. At various times during this interview, E.R. described physical features of the man involved in the incident.

E.R. testified that she remembered what the man involved in the incident looked like, but she was unable to identify defendant while testifying on the stand. However, E.R. confirmed that she had previously identified the man in a photographic lineup. The photograph she selected during the photographic lineup was published to the jury and admitted into evidence. On cross-examination, E.R. admitted that it took a long period of time before she was able to select the photograph that she believed depicted the man involved in the incident. She also reconfirmed that she could not identify any individuals in the courtroom as the man involved in the incident.

A former police detective testified that he was involved in the initial response and investigation of the incident involving E.R. The detective testified that following E.R.'s initial police interview, E.R. sat down with a professional sketch artist who developed a sketch of the man involved in the incident based upon E.R.'s description. The sketch was admitted into evidence.

6

A second police detective testified that she arrested defendant as the result of a different incident a year later in 2016. However, based upon the similarities with the incident involving E.R., the detective contacted E.R. to participate in a photographic lineup. The detective confirmed that E.R. identified a photograph of defendant as the man involved in the 2015 incident. However, on cross-examination, the detective admitted that, in a prior court proceeding, E.R. had identified defendant's brother as the perpetrator instead of defendant.

C. *Verdict and Sentence*

Prior to closing argument and the submission of the case to the jury, the parties conducted a conference to discuss jury instructions.{RT 461-462} While most of the conference was held off the record, the trial court permitted the parties to argue with respect to instructions upon which they could not agree.{*Ibid.*} During this argument, the prosecutor specifically stated his view that, should the prosecution prove its special allegations pursuant to section 667.61, defendant would be subject to a sentence of 25 years to life in state prison or life without the possibility of parole.{RT 463} Following this conference, the People submitted proposed jury verdict forms, which required the jury to find that the victims in counts 2, 3, 7, and 9 were under the age of 14 years, in addition to the circumstances alleged pursuant to section 667.61, subdivisions (d) and (e), in order to return a true finding on the special allegations.{CT 430, 432, 434, 439, 442, 444} Finally, while the trial court was instructing the jury, the prosecutor specifically requested that the trial court "correct" its instructions to direct the jury that it must find

7

that the victims in counts 2, 3, 7, and 9 were under the age of 14 years in order to return a true finding on the section 667.61 special allegations.{RT 546, 559-562}

A jury convicted appellant on all charges and found true the special circumstance allegations. The trial court sentenced defendant to (1) a term of life in prison without the possibility of parole for committing a lewd act on a child under the age of 14 years by means of force, violence or duress (§ 288, subd. (b)(1); count 9); (2) three consecutive terms of 25 years to life for each count of committing a lewd act on a child under the age of 14 years (§ 288, subd. (a); counts 2, 3, 7); (3) a consecutive term of six years for the first degree burglary of an inhabited dwelling (§§ 459, 462, subd. (a); count 4); (4) two consecutive terms of seven years to life for assault during the course of a first degree burglary (§ 220, subd. (b); counts 5, 8); and (5) concurrent terms for aggravated trespassing (§ 602.5, subd. (b); count 1) and disorderly conduct (§ 647, subd. (i); count 6).

### III. DISCUSSION

A. *Sufficient Evidence in the Record Supports the Convictions on Counts 2 and 3*

On appeal, defendant claims that the evidence was insufficient to support his conviction on counts 2 and 3 (§ 288, subd. (a)). Defendant does not challenge the sufficiency of the evidence to establish the substantive elements of these offenses but only the sufficiency of the evidence to support a finding that he was the individual who committed the alleged offenses. We disagree.

1.  General Legal Principles and Standard of Review

Generally, regardless of the statutorily defined elements of an offense, the People bear the burden to prove beyond a reasonable doubt that the defendant was the perpetrator of any charged crimes. (*People v. Foster* (2010) 50 Cal.4th 1301, 1345; *People v. Lemcke* (2021) 11 Cal.5th 644, 658.)

"We review claims of insufficient evidence by examining the entire record in the light most favorable to the judgment to determine whether substantial evidence exists for a reasonable jury to find the challenged jury finding true beyond a reasonable doubt. [Citation.] To be substantial, the evidence must be reasonable, credible, and of solid value. [Citation.] In conducting our review, we may not reweigh issues of credibility and we presume the existence of every fact the jury could reasonably deduce from the evidence in support of [its] verdict." (*People v. Ramirez* (2021) 72 Cal.App.5th 550, 558-559.)

2.  Application

In this case, we are satisfied that the record contains substantial evidence upon which the jury could rely to conclude defendant was the perpetrator of the crimes charged in counts 2 and 3. It is undisputed that E.R. identified a photograph of defendant as the man involved in the incident during a photographic lineup. Additionally, the jury had the opportunity to hear a recorded interview in which E.R. provided various physical descriptions of the perpetrator, as well as the opportunity to review the composite sketch that was developed based upon E.R.'s description of the perpetrator. This was substantial evidence upon which the jury could rely to conclude that defendant was the perpetrator of

9

the crimes charged in counts 2 and 3. (*People v. Boyer* (2006) 38 Cal.4th 412, 480 (*Boyer*) ["Identification of the defendant by a single eyewitness may be sufficient to prove the defendant's identity as the perpetrator of a crime. . . . Moreover, a testifying witness's out-of-court identification is probative for that purpose and can, by itself, be sufficient evidence of the defendant's guilt even if the witness does not confirm it in court."]; *People v. Hester* (2020) 58 Cal.App.5th 630, 635 [same].)

On appeal, defendant acknowledges that the evidence in this case includes multiple out-of-court identifications of defendant, but he argues that such evidence is not reliable because (1) the photographic lineup was conducted a year after the incident; (2) E.R.'s statements regarding the photographic lineup were not unequivocal; (3) E.R. was not asked to positively confirm that the sketch artist's rendering depicted the perpetrator of the crimes; (4) E.R. identified a relative of defendant's as the perpetrator of the crime in a prior court proceeding; (5) E.R. was unable to identify defendant at the time of trial; and (6) there was a lack of other corroborating evidence to connect defendant to the 2015 incident. However, "[i]t is the province of the trier of fact to decide whether an inference should be drawn and the weight to be accorded that inference," and "[a]n appellate court will not interfere with the decision of the trier of fact, even if the court believes that a contrary conclusion would have been reasonable." (*People v. Massie* (2006) 142 Cal.App.4th 365, 374; see *People v. Culver* (1973) 10 Cal.3d 542, 548 ["The reviewing court does not perform the function of reweighing the evidence," and it "must draw all inferences in support of the verdict that can reasonably be deduced from the evidence."].) In our view, defendant's arguments all

10

address the credibility of E.R.'s testimony, the weight to be afforded that testimony, and which inferences defendant believes the jury should have drawn. These are simply not grounds for reversal based upon a claim of insufficient evidence.

Defendant also argues that the out-of-court identifications in this case must be considered insufficient as a matter of law, citing to portions of our Supreme Court's discussion in *People v. Cuevas* (1995) 12 Cal.4th 252 (*Cuevas*). We disagree with defendant's reading of *Cuevas*. Prior to *Cuevas*, "[a]n extrajudicial identification that [could not] be confirmed by an identification at the trial [was] insufficient to sustain a conviction in the absence of other evidence tending to connect the defendant with the crime." (*People v. Gould* (1960) 54 Cal.2d 621, 631, disapproved by *Cuevas*, at p. 257.) *Cuevas* abrogated the rule articulated in *Gould*, concluding instead that the sufficiency of evidence regarding identification should be governed by the same substantial evidence test applicable to other types of evidence. (*Cuevas*, at pp. 271-272.)

In explaining its decision to abrogate the rule set forth in *Gould*, *supra*, 54 Cal.2d 621, our high Court discussed various considerations that might bolster the reliability of an out-of-court identification, which the test developed in *Gould* failed to consider. (*Cuevas*, *supra*, 12 Cal.4th at p. 267.) However, nothing in *Cuevas* suggests that our high court intended its discussion to represent a new, multi-factor test to be applied to evidence of out-of-court identifications. Instead, as explained by the high court, its discussion was simply intended to illustrate the point that "the case-by-case analysis that we apply in reviewing the sufficiency of other types of evidence under the substantial evidence test is preferable [to the rule set forth in *Gould*] because it permits an

11

individualized assessment of the probative value of the particular out-of-court identification at issue." (*Cuevas*, at p. 269.) Further, to the extent there was any ambiguity on this point, the California Supreme Court subsequently clarified it's view in *Boyer*, *supra*, 38 Cal.4th 412, where it unequivocally expressed the view that "a testifying witness's out-of-court identification is probative for that purpose and can, by itself, be sufficient evidence of the defendant's guilt even if the witness does not confirm it in court." (*Id.* at p. 480.)

Our review of the record reveals substantial evidence upon which the jury could have relied to conclude that defendant was the perpetrator of the crimes charged in counts 2 and 3. As such, we see no basis to reverse his convictions on these counts.

B. *Defendant Had Adequate Notice of a Potential Sentence Pursuant to Section 667.61, Subdivision (j)*

Defendant also contends that his sentence on counts 2, 3, 7, and 9 must be reversed because the trial court applied section 667.61, subdivision (j), but the allegations of the accusatory pleading were not sufficient to give him adequate notice that he could be subject to the provisions of that statute. Our Supreme Court directed us to reconsider this issue in light of its recent opinion in *Vaquera*. However, after careful consideration of the facts presented in this case, we again conclude that this claim has been forfeited; and, even in the absence of forfeiture, we would conclude defendant is not entitled to reversal on this basis.

1.  General Legal Principles and Standard of Review

"[T]he One Strike law, Penal Code section 667.61 . . . provides an alternative, more severe set of penalties for certain sex offenses committed under certain enumerated circumstances." (*People v. Anderson* (2020) 9 Cal.5th 946, 954 (*Anderson*).)  Section 667.61 includes five subdivisions providing for greater penalties (§ 667.61, subds. (a), (b), (j), (*l*), (m)) and two subdivisions that set forth a variety of factual circumstances that must be pled and proven true at trial in order to trigger one of the penalty provisions (§ 667.61, subds. (d), (e)).  When a jury finds true one of the factual circumstances provided in the one strike law, "the offense generally will be punishable by an indeterminate sentence of either 15 years to life or 25 years to life." (*Vaquera*, *supra*, 15 Cal.5th at p. 713.)  However, "[t]his general scheme is subject to exceptions" that "prescribe increased punishments of 25 years to life or life without the possibility of parole when the prosecution has pled and proved a One Strike circumstance involving a minor victim." (*Vaquera*, at p. 713; § 667.61, subds. (j), (*l*), (m).)  As written, the trial court has no discretion to select between different penalty provisions at the time of sentencing because any specific set of circumstances found true by the jury will only trigger the application of one of the penalty subdivisions.[4]

_____

    [4] For example, subdivision (b) expressly provides that it will only apply if subdivisions (a), (j), (*l*), or (m) do not apply; subdivision (a) expressly provides that it will only apply if subdivisions (j), (*l*), or (m) do not apply; and, in a situation in which multiple circumstances exist to support the application of different subdivisions, the statute mandates use of the subdivision that will impose the greatest term (§ 667.61, subd. (f)).

Generally, a claim attacking the sufficiency of an accusatory pleading is reviewed de novo. (*People v. Perlas* (2020) 47 Cal.App.5th 826, 832; *People v. Quiroz* (2013) 215 Cal.App.4th 65, 70-71 [de novo standard of review applied to claim prosecution provided inadequate notice of a new theory of liability prior to trial].) Further, while not explicitly setting forth the applicable standard of review, the California Supreme Court has, in practice, independently reviewed the sufficiency of the allegations in a pleading in order to resolve claims that the People failed to adequately plead special circumstances pursuant to section 667.61. (See *People v. Mancebo* (2002) 27 Cal.4th 735, 742-745; *Anderson*, *supra*, 9 Cal.5th at p. 961.)

The California Supreme Court recently discussed the sufficiency of the accusatory pleading for purposes of supporting an enhancement under section 667.61 in *Vaquera*. In that case, the defendant was sentenced to an indeterminate term of 25 years to life based upon section 667.61, subdivision (j)(2), even though the allegations in the accusatory pleading specifically alleged defendant violated section 667.61, subdivision (b), based upon the circumstance identified in subdivision (e)(4). (*Vaquera, supra*, 15 Cal.5th at pp. 714-715, 717.) In assessing the sufficiency of this pleading, our high court first explained that such challenges can take two forms. When an accusatory pleading fails to allege a factual circumstance that the prosecution intends to prove to support a section 667.61 enhancement, such an omission may be a statutory violation of section 667.61, subdivision (o). (*Vaquera*, at p. 718.) However, our Supreme Court went on to explain that a pleading may also be deficient "under the rubric of due process" where it fails to

14

give fair notice to the defendant, even if it satisfies the statutory pleading requirements in the statute. (*Id.* at p. 718.)

Ultimately, our high court concluded that the accusatory pleading in *Vaquera* was insufficient to comport with due process. In reaching this conclusion, it reasoned that, "[w]hen the prosecution has not alleged a particular sentencing enhancement in connection with a specific count, a 'defendant is ordinarily entitled to assume the prosecution made a discretionary choice not to pursue the enhancement,' " and the most reasonable reading of the accusatory pleading's specific reference to section 667.61, subdivision (b), is that the prosecution had elected not to pursue the more severe enhancement provided in section 667.61, subdivision (j). (*Vaquera, supra*, 15 Cal.5th at pp. 717, 720-723.) While our high court acknowledged that section 667.61, subdivision (b)'s cross-reference to subdivision (j) created some ambiguity with respect to the prosecution's intent (*Vaqura*, at p. 723), it noted that the record failed to show the prosecution clarified its intent to seek an enhanced sentence under section 667.61, subdivision (j) at any point prior to the sentencing hearing (*Vaquera*, at p. 727).

### 2. Forfeiture

Initially, we agree with the People that defendant forfeited this claim by failing to raise the issue in the trial court proceedings. Generally, the imposition of unpleaded sentence enhancements is an error that may be forfeited by a defendant's failure to object in the trial court. (*People v. Haro* (2021) 68 Cal.App.5th 776, 789; *People v. Houston* (2012) 54 Cal.4th 1186, 1225-1229 [defendant forfeited claim of sentencing error based on failure of accusatory pleading to comply with pleading requirements of section 664].)

15

Here, defendant concedes that he never objected to the sentences imposed on counts 2, 3, 7, and 9. Thus, any claim of error with respect to the trial court's sentence on these counts has clearly been forfeited.

Defendant contends that the forfeiture rule does not apply because the failure to provide proper notice of a potential penalty under section 667.61 results in an unauthorized sentence.[5] However, our Supreme Court has "made clear that 'impos[ition of] unpleaded sentence enhancements is an error of a different variety' from the imposition of an unauthorized sentence," and "this error is one that may be forfeited." (*People v. Haro*, *supra*, 68 Cal.App.5th at p. 789; *Anderson*, *supra*, 9 Cal.5th at p. 962 [rejecting "the notion that a pleading defect necessarily results in an unauthorized sentence" and explaining that imposition of "unpleaded sentence enhancements is an error of a different variety"].)[6] Thus, the unauthorized sentence rule does not apply, and defendant cannot raise the issue for the first time on appeal.

---

[5] "An unauthorized sentence is one that ' "could not lawfully be imposed under any circumstance in the particular case" ' regardless of the facts." (*People v. King* (2022) 77 Cal.App.5th 629, 641, fn. 8.) "[U]nder the unauthorized sentence rule, a party does not forfeit the right to argue that a sentence is unlawful by failing to object in the trial court," and "[s]uch a sentence may be challenged at any time . . . ." (*Id.* at p. 635.)

[6] We acknowledge that numerous courts of appeal, including this court, have previously concluded that the imposition of sentence under section 667.61 without providing adequate notice in the accusatory pleading results in an unauthorized sentence. (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 395 (*Jimenez*) [concluding that an unauthorized sentence occurs when a court sentences a defendant pursuant to section 667.61 without adequate notice in the accusatory pleading]; *People v. Nguyen* (2017) 18 Cal.App.5th 260, 271 (*Nguyen*) [same].) However, all of these decisions predate the California Supreme Court's opinion in *Anderson*.

### 3. Defendant Would Not Be Entitled to Reversal, Even Absent Forfeiture

Even in the absence of forfeiture, we would conclude that defendant is not entitled to reversal. In our view, the accusatory pleading in this case is not directly comparable to the one considered in *Vaquera*, rendering an analysis of whether it would be sufficient for purposes of due process more difficult.[7] However, we need not resolve this question because, even assuming the accusatory pleading in this case was ambiguous as defendant claims,{ASB 7} the unique procedural history of this case clearly shows that defendant had actual notice of the prosecution's intent to seek an enhancement under section

---

[7] In *Vaquera*, our Supreme Court repeatedly highlighted the accusatory pleading's express citation to section 667.61, subdivision (b), as reasonably suggesting the prosecution elected to pursue that enhancement in lieu of other potential enhancements under the statute. (*Vaquera*, *supra*, 15 Cal.5th at pp. 720-723, 727.) Seeking a different enhancement after trial under these circumstances raises the prospect that the accusatory pleading was not only ambiguous but deliberately misleading. (*Id.* at p. 722; see *People v. Nash* (2023) 87 Cal.App.5th 483, 494 ["principles of due process do not permit the prosecution to mislead a defendant as to potential exposure" by expressly stating an intent to seek a specific sentence and later seeking a different one, regardless of whether section 667.61's cross-references might otherwise provide fair notice of a potential greater exposure], review granted, Mar. 22, 2023, S278610.) However, defendant concedes that the pleading in this case makes no references to any of section 667.61's penalty provisions.{ASB 7} Thus, it cannot be interpreted as a prosecutorial exercise of discretion to seek a specific penalty and *not* seek a different penalty. Our Supreme Court has previously held that " 'modification of the judgment for a misstatement of [an] underlying enhancement statute is required *only where the defendant has been misled to his prejudice*.' " (*People v. Thomas* (1987) 43 Cal.3d 818, 831.) And, even in *Vaquera*, it hypothesized that an accusatory pleading that cites to the one strike law generally and alleges the factual basis upon which the prosecution intends to rely might be sufficient for purposes of due process. (*Vaquera*, at p. 725.) Ultimately, we need not resolve any tension between the Supreme Court's holding in *Vaquera* and its holding in *Thomas* to resolve this case.

17

667.61, subdivision (j), and had ample opportunity to consider this potential sentence to make informed decisions about the case at every pertinent stage of the proceedings.

Contrary to defendant's argument in supplemental briefing, we respectfully believe that the question of whether a defendant had actual notice of the prosecution's intent to seek a specific enhancement is not limited to a review of the accusatory pleading.{ASB 8}  In *Vaquera*, our high court cited to its own precedent in *Anderson*, *supra*, 9 Cal.5th 946, and *People v. Houston* (2012) 54 Cal.4th 1186 (*Houston*) to reaffirm reversal is not required where a defendant receives timely, actual notice of the prosecution's intent to seek a specific sentence enhancement, notwithstanding any ambiguity in the accusatory pleading.  (*Vaquera*, *supra*, 15 Cal.5th at pp. 727-728.)  In *Houston*, our high court opined that actual notice can take the form of the trial court's express indication of what the defendant's sentence exposure might be prior to the submission of the case to a jury, as well as the prosecution's request for specific jury instructions and verdict forms that disclose its intent to pursue a specific enhancement. (*Houston*, at p. 1227.)  In *Anderson*, our high court suggested that actual notice might also take the form of "midtrial discussion highlighting the prosecution's intent to seek the more serious . . . enhancements"; express statements that the prosecution intends to seek a specific enhancement during jury instruction conferences; and formal filings by the prosecution, such as sentencing memoranda, that expressly state the prosecution's intent to seek a specific enhancement.  (*Anderson*, at pp. 963-964.)  Thus, under *Vaquera*,

*Anderson*, and *Houston*, actual notice sufficient to overcome any due process concerns may be given at any time prior to discharge of the jury.**8**

Given the unique procedural posture of this case, the record discloses that defendant was afforded actual notice of the prosecution's intent to seek an enhancement under section 667.61, subdivision (j), on at least three different occasions, well in advance of his jury trial. First, the prosecution filed an amended information prior to defendant's initial court trial which expressly included the phrase "[15-L, 25-L, LWOP]" in relation to the one strike allegations.{CT 195} Clearly, this was an express statement that the prosecution would potentially seek any of the penalties authorized under section 667.61, including an indeterminate sentence of 25 years to life or life without the possibility of parole. Second, the parties proceeded to try the entire case in a court trial, after which the prosecution filed a sentencing memorandum expressly seeking the imposition of the enhancements provided for in section 667.61, subdivision (j), as well as stating the factual allegations proved at trial in support of the enhancement.{CT 292,

---

**8** This conclusion makes sense in light of the statutory and case authority recognizing that the trial court may permit the prosecution to amend the information to add an enhancement allegation at any time prior to discharge of the jury without violating due process. (§ 1009; *People v. Valladoli* (1996) 13 Cal.4th 590, 607 [availability of a continuance to prepare to meet any newly charged allegations undercuts any claim that a late amendment violates due process]; *People v. Peyton* (2009) 176 Cal.App.4th 642, 650, 656-660 [amendment of information during trial did not violate due process]{Fourth Dist., Div. Two}; *People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1580-1584 [same]{Fourth Dist., Div. Two]; *People v. McCoy* (2013) 215 Cal.App.4th 1510, 1531-1535 [amendment of information immediately prior to opening statement to add one strike law allegations does not violate due process].)

294} Third, the trial court actually sentenced defendant pursuant to section 667.61, subdivision (j). following his initial trial and, upon remand after defendant's first appeal, ordered that the matter be retried as to all counts and one strike allegations.{CT 301, 334} Under these circumstances, it cannot be said that defendant was unaware of his potential sentence exposure such that he was unable to make an informed decision regarding how to plead or prepare a defense in advance of his second trial in this case.

Additionally, the record discloses at least three occasions during defendant's jury trial in which the prosecution reaffirmed its intent to seek the enhanced penalties provided for in section 667.61, subdivision (j), and the factual basis upon which it was seeking such an enhancement. During discussion of jury instructions, the prosecutor expressly stated its view that defendant was subject to a sentence of 25 years to life or life without the possibility of parole should the prosecution prove the one strike allegations.[9]{RT 463} Additionally, the prosecution submitted verdict forms that expressly required the jury to find that defendant's victims were under the age of 14 years in addition to a circumstance specified in section 667.61, subdivisions (d) or (e), in order

---

[9] Specifically, when explaining that the one strike allegations differed from the instructions for the underlying offense of assault during the course of a burglary, the prosecutor expressly stated his view that under the one strike law, "the legislature has decided that when a defendant completes a forcible sex crime and commits a residential burglary with the intent to commit a sex crime, that that situation in and of itself will be punished either by 25 years to life in prison, or by life without the possibility of parole."{RT 462-463}

to return a true finding on the one strike law allegations.[10]{CT 430, 432, 434, 439, 442, 444} Finally, the prosecution requested the trial court "correct" its instructions related to section 667.61 with respect to counts 2, 3, 7, and 9 to specifically direct the jury that it must prove that the victims were under the age of 14 years in addition to the circumstances specified in section 667.61, subdivisions (d) or (e), in order to return a true finding on the one strike allegations.{RT 546, 559-561} Each of these instances occurred prior to closing argument and prior to submission of the case to the jury. Thus, even during defendant's jury trial, he was provided notice that the prosecution continued to seek the enhanced penalties set forth in section 667.61, subdivision (j), as well as the factual basis upon which the prosecution sought that enhancement.

In our view, the unique circumstances of this case leave no doubt that the requirements of due process have been met. Where the record shows that the prosecution has repeatedly communicated its intent to seek an enhancement, as well as the factual bases for that enhancement both prior to and during trial, we are satisfied that defendant "was aware of the sentence the prosecution was seeking at a time when he could have taken his sentencing exposure into consideration in making key decisions about how to

---

[10] All of the verdict forms related to special circumstance findings were worded such that the jury was required to find the victim was under the age of 14 years, in addition to finding the existence of a circumstance specified in section 667.61, either subdivisions (d) or (e), in order to return a true finding.{CT 430, 432, 439, 442, 444} The only purpose for requiring such a factual finding in connection with the one strike allegation would be to support an enhanced sentence under section 667.61, subdivision (j), as the age of the victim is not relevant if an enhancement is sought only pursuant to section 667.61, subdivisions (a) or (b). (§ 667.61, subds. (a), (b), (j).)

21

conduct his defense, 'including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial.' " (*Vaquera*, *supra*, 15 Cal.5th at p. 727.) Under *Vaquera*, *Anderson*, and *Houston*, defendant was not deprived of due process and reversal is not required, even if the accusatory pleading's one strike allegations might be considered ambiguous.

C.    *Defendant Is Entitled to a Full Resentencing In Light Of Amendments to Section 1170, Subdivision (b)*

In supplemental briefing, defendant contends that his sentence on count 4 must be vacated in light of amendments made to section 1170, subdivision (b), which now generally requires that circumstances in aggravation used to increase a defendant's sentence must be found true beyond a reasonable doubt by a jury or by a judge in a court trial. (*Id.* at subd. (b)(2); Stats. 2021, ch. 731, § 1.)  The People concede that the amendments to section 1170, subdivision (b), apply retroactively to defendant's case, but contend that any error in failing to have the truth of aggravating circumstances determined by a jury was harmless. We conclude that the record is insufficient for us to find the error harmless. As a result, defendant's sentence must be vacated and the matter remanded for a full resentencing.

1.  Relevant Background

Count 4 of the second amended information charged defendant with first degree burglary (§§ 459, 462, subd. (a)) arising out of an incident in May 2016. The only witnesses to testify regarding this incident were sisters, N.C. and Y.C. At the time of the incident, Y.C. was 22 years old and N.C. was 28 years old.

22

N.C. testified that, at approximately 3:00 a.m., on the date of the incident, she was sleeping in her bedroom when she was awakened by someone pulling at her underwear. Upon waking up, she sat up and saw an unknown man leaving her room. Shortly after she woke up, N.C. heard her sister, Y.C., scream from another room in their home. When N.C. went to investigate, she heard the front door of the home slam shut, a vehicle engine turn on outside, and the sound of a vehicle driving away.

Y.C. testified that in the early morning on the date of the incident, she was sleeping in her bedroom, when she was awakened by her blanket being pulled away and a hand touching her inner thigh. She woke to find an unknown man in her room who was masturbating with his pants pulled down. When the man reached toward her, she screamed. Y.C. testified that she later discovered that cash had been taken from her purse and expensive watches had been taken from N.C.'s room.

The jury found defendant guilty of first degree burglary on count 4. At sentencing, the trial court identified four circumstances in aggravation: (1) the crime involved violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness; (2) the victims were particularly vulnerable; (3) the manner in which the crime was carried out indicates planning, sophistication, or professionalism; and (4) defendant engaged in violent conduct representing a danger to society. It balanced these circumstances against one circumstance in mitigation and sentenced defendant to the upper term of six years on count 4.

23

2. General Legal Principles and Standard of Review

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), which guides the trial court's discretion in sentencing a defendant when the applicable statutes specify three possible terms for the imposition of a judgment of imprisonment. (Stats. 2021, ch. 731, § 1.) As amended, section 1170, subdivision (b), now provides the middle term of imprisonment as the presumptive sentence and permits a trial court to "impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*); see § 1170, subd. (b)(2).)

Under the amended statute, the truth of any facts used to support an aggravating circumstance must be tried in a bifurcated proceeding, except where the evidence is also relevant to prove or defend against a charged offense or enhancement.[11] (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.) These amendments apply retroactively to all cases not yet final because they have the potential to lessen the punishment for a defendant's crimes. (*Flores*, *supra*, 75 Cal.App.5th at p. 500; *People v. Garcia* (2018) 28 Cal.App.5th 961, 972-973; *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

---

[11] While not relevant here, the statute also contains an exception that permits the trial court to consider a defendant's prior convictions based upon a certified record of conviction to find a circumstance in aggravation without submission of this fact to a jury. (§ 1170, subd. (b)(3).)

Published California appellate decisions that have considered the retroactive application of the current version of section 1170, subdivision (b), appear to uniformly recognize that the failure to submit an aggravating circumstance for determination by a jury does not require reversal where such error is harmless. However, they differ significantly on the correct test to apply to determine whether such error was harmless.

In *Flores*, *supra*, 75 Cal.App.5th 495, the court of appeal concluded that " '[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*Id.* at p. 500.)

In *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*) and *People v. Wandrey* (2022) 80 Cal.App.5th 962 (*Wandrey*), review granted Sept. 28, 2022, S275942, the courts of appeal concluded that the standard articulated in *Flores* was incomplete and instead, to find harmless error, a reviewing court must conclude beyond a reasonable doubt that (1) a jury would have unquestionably found true beyond a reasonable doubt every aggravating factor upon which the trial court relied at the time of sentencing, and (2) the trial court would not have exercised its discretion differently if it had been aware of the statutory presumption in favor of the middle term (*Lopez*, at pp. 463, 466-467; *Wandrey*, at p. 982).

In *People v. Zabelle* (2022) 80 Cal.App.5th 1098 (*Zabelle*) and *People v. Dunn* (2022) 81 Cal.App.5th 394 (*Dunn*, review granted Oct. 12, 2022, S275655), the courts of appeal articulated yet a third standard, holding that in order to find error harmless, a

25

reviewing court must (1) conclude beyond a reasonable doubt that a jury would have unquestionably found true at least one aggravating factor beyond a reasonable doubt; (2) determine whether it is reasonably probable that a jury would have found true any remaining aggravating factors relied upon by the trial court to impose an upper term sentence; and (3) conclude that it is reasonably probable the trial court would not have exercised its discretion differently had it considered only the aggravating factors the jury would have unquestionably found true beyond a reasonable doubt and those factors that the reviewing court finds reasonably probable that the jury would have found true (*Zabelle*, at p. 1112-1113; *Dunn*, at pp. 409-410).

3. Application

In this case, we find it unnecessary to resolve the split of authority in order to conclude that remand is necessary. Under any of the tests articulated by the courts of appeal, a reviewing court must, at the very least, be able to conclude beyond a reasonable doubt that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt. (*Flores*, *supra*, 75 Cal.App.5th at p. 500; *Lopez*, *supra*, 78 Cal.App.5th at p. 463; *Zabelle*, *supra*, 80 Cal.App.5th at p. 1112.) As we explain, the record does not permit us to reach such a conclusion in this case.

The first aggravating circumstance relied upon by the trial court was that the crime involved great violence, great bodily harm, the threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Cal. Rules of Court, rule 4.421(a)(1).) Similarly, the fourth aggravating circumstance relied upon by the trial court required a finding that defendant engaged in violent conduct representing a serious

26

danger to society. (Cal. Rules of Court, rule 4.421(b)(1).) In our view, the evidence in the record is simply not sufficient for us to conclude that a jury would have unquestionably found either of these circumstances true beyond a reasonable doubt.

The evidence regarding the commission of count 4 was exceptionally brief, involving only the testimony of two sisters. Both sisters testified that they each had a brief encounter with defendant, in which defendant touched them in their sleep but then quickly left once he realized they were awake. There was no evidence that either sister suffered any physical harm as the result of this incident. Such evidence, while demonstrating serious criminal misconduct, hardly compels a conclusion that the crime involved the threat of great bodily harm or a high degree of cruelty. Additionally, while defendant's behavior was unquestionably disturbing and suggested he posed some degree of danger to society, the evidence related to count 4 did not necessarily compel a finding that the danger posed was the result of violent conduct. Tellingly, the People do not attempt to argue that a jury would have unquestionably found these circumstances true beyond a reasonable doubt and, instead, it entirely ignores these two circumstances in their argument on appeal.

The second circumstance relied upon by the trial court is that the victims were particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3); 3RT 589-590.) Our Supreme Court has repeatedly recognized that, because this circumstance in aggravation "rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*People v.*

*Boyce* (2014) 59 Cal.4th 672, 728-729 [conflicting evidence precluded a finding that the jury would have unquestionably found true the fact that victim was particularly vulnerable]; *People v. Sandoval* (2007) 41 Cal.4th 825, 840-841 [same].)

Here, in finding this aggravating circumstance true, the trial court cited to three items of evidence: (1) the victims were sleeping at the time the offense was committed; (2) the victims were in their home at the time the offense was committed; and (3) children were among the victims. The People argue that a jury would have unquestionably agreed with the trial court's analysis because the jury necessarily found true that some of defendant's crimes involved victims under the age of 14 years, and that defendant entered a home in the commission of the offense in count 4. However, defendant's entry into an inhabited home is a substantive element of first degree burglary (§§ 459, 460 & 461) and, as a result, cannot be relied upon as an aggravating circumstance justifying the imposition of an upper-term sentence (*People v. Scott* (1994) 9 Cal.4th 331, 350 [trial court may not use a fact constituting an element of the offense to aggravate or enhance a sentence]). Additionally, while defendant was convicted of various offenses involving victims under the age of 14 years, count 4 was not one of them. Thus, the trial court could not have relied upon this fact to find an aggravating circumstance in relation to count 4. (*People v. Price* (1984) 151 Cal.App.3d 803, 812 [An "aggravating fact must be reasonably related to the sentence choice on each count."]; see *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1779 [In selecting a term for a substantive offense, the trial court can only use factors in aggravation if they relate to that offense.].)

This leaves only the fact that the victims were sleeping at the time defendant committed the offense. In our view, this fact is not sufficient to compel a finding that the victims were particularly vulnerable within the meaning of California Rules of Court, rule 4.421(a)(3). (*People v. Bloom* (1983) 142 Cal.App.3d 310, 321-322 [The " 'particularly vulnerable' " circumstance is generally "applied exclusively in criminal cases involving violent felonies, where the age or physical characteristics of the victim, or the circumstances under which the crime is committed, make the defendant's act especially contemptible."].) While the fact a victim was sleeping at the time an offense was committed may be relevant to a finding of particular vulnerability, it is not so unusual that a jury would unquestionably find this aggravated circumstance true based upon this evidence alone. (See *People v. French* (2008) 43 Cal.4th 36, 54 [failure to submit aggravating factor to jury was not harmless where reviewing court "cannot say the evidence on that point was overwhelming"].)

Finally, the third circumstance relied upon by the trial court was that the manner in which the crime was carried out indicates planning, sophistication, or professionalism. (Cal. Rules of Court, rule 4.421(a)(8).) Both the trial court and the People relied on the fact that defendant was convicted of multiple offenses that were separated in time, but similar in nature, to infer that defendant engaged in planning, sophistication, or professionalism. While all of defendant's offenses appear to have involved some form of sexualized acts, the evidence also suggests that, in the commission of count 4, defendant located and appropriated valuables from N.C. and Y.C.'s home prior to engaging in any acts of a sexual nature. Thus, a jury could have equally inferred that defendant's initial

29

intent in the commission of count 4 was dissimilar to the other offenses, suggesting a crime of opportunity instead of planning or sophistication.  We cannot conclude that a jury would have unquestionably found this aggravating circumstance true where it appears "just as likely . . . that the jury would have found they were *not* planned, sophisticated, or professional."  (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1472.)

Because the record in this case is simply not sufficient for us to conclude that any of the aggravating factors upon which the trial court relied would have unquestionably been found true beyond a reasonable doubt if submitted to a jury, the error cannot be deemed harmless under any of the tests currently articulated by the courts of appeal.

4.  Defendant is Entitled to a Full Resentencing Upon Remand

On appeal, defendant requests only that we vacate the sentence on count 4 as a result of the failure to submit factors in aggravation to a jury for determination as required by the version of section 1170, subdivision (b), now in effect.  (Stats. 2021, ch. 731, § 1.)  However, "[t]he full resentencing rule dictates that 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." ' "  (*People v. Lopez* (2020) 56 Cal.App.5th 835, 844-845; see *People v. Buycks* (2018) 5 Cal.5th 857, 893.)  Thus, under the full resentencing rule, defendant's entire sentence should be vacated, and the trial court is permitted to reexamine any aspect of defendant's sentence upon resentencing.

Given this conclusion, we need not address defendant's additional claims that his sentence on count 6 is unconstitutional or that the abstract of judgment contains

inaccuracies. While the People appear to have conceded these issues on appeal, the parties and the trial court will have the opportunity to address these issues anew at the time of resentencing.

We also need not decide whether the People should be granted an election to proceed under the "new version" of section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.) We see no reason why such an election is prohibited, as section 1170, subdivision (b), expressly contemplates the trial of circumstances in aggravation be held in a bifurcated proceeding separate from the trial of charges and enhancements (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1), and the right to have every element of an offense tried to a jury and proved beyond a reasonable doubt does not "mean that the same jury that finds a defendant guilty of an offense must always decide the truth of an attached penalty allegation" (*People v. Anderson* (2009) 47 Cal.4th 92, 119-120). Nevertheless, the issue should be raised and decided by the trial court in the first instance.[12]

---

[12] We cannot presume the trial court will exercise its discretion in the same manner upon resentencing. Given the number of counts and enhancements involved in defendant's sentence in this case, combined with the fact that the trial court imposed only concurrent sentences on some of the counts involved, it is possible that upon resentencing, the trial court will indicate its intent to exercise its discretion in a different manner that renders the issue moot or causes the parties to decline to pursue a bifurcated trial on aggravating factors. Thus, the most appropriate course of action is to reserve the matter for the trial court to decide in the first instance.

## IV.  DISPOSITION

Defendant's convictions are affirmed; his sentence is vacated and the matter remanded for a full resentencing.  On remand, the trial court is entitled to reconsider every aspect of defendant's sentence and, in its discretion, may grant the People the opportunity to try any circumstances in aggravation in a bifurcated proceeding pursuant to the amended version of section 1170, subdivision (b).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


McKINSTER _____
Acting P. J.


MENETREZ _____
J.